### KEYSTONE NATIONAL BANK V. A. HINCHMAN.

(No. 2859.)

APPEAL from Dallas County.    Opinion by HURT, J.

*(Transferred from Austin.)*

DICKSON & MARONEY, counsel for appellant.

EDWARD GRAY, counsel for appellee.

§ **375.** *Plea of privilege to be sued in county of residence held to come too late.* Appellant having a claim against Bowman & Ferguson, Mitchell & Scruggs and appellee, placed the same with a justice of the peace for suit. Bowman & Ferguson resided in Coryell county; appellee resided in McLennan county; Mitchell & Scruggs resided in Dallas county, the county in which the suit

was instituted. The justice docketed the suit as The Keystone National Bank v. All of Said Defendants. Citations for the non-resident defendants were issued and forwarded to the proper counties by the justice. The justice's docket recited that citations had also issued for Mitchell and Scruggs, but in fact no citations had been issued for them.

In the justice's court appellee answered to the merits, and appellant dismissed its suit as to Bowman and Ferguson. Appellee, after answering to the merits, discovered that citations had not been issued for Mitchell and Scruggs, and he thereupon asked permission to withdraw his plea to the merits, and plead his privilege to be sued in the county of his residence. This motion the justice denied, and rendered judgment against appellee for the amount sued for, from which judgment appellee appealed to the county court. In the county court appellee renewed his said motion and the same was granted, and he thereupon pleaded his privilege, which plea was sustained, and the suit was dismissed at the cost of appellant. *Held:* The county court erred in entertaining the plea of privilege. The plea came too late after answer to the merits. If appellee was misled by the justice's docket as to the issuance of citation for Mitchell and Scruggs, it was not because of any fault or deception on the part of appellant, for appellant's attorney had, at the time of placing the claim with the justice, directed that citations should be issued for said Mitchell and Scruggs. No fraud or deception in the matter was practiced by appellant or its attorney to induce appellee to answer to the merits, or to prevent him from pleading his privilege.

October 31, 1888.          Reversed and remanded.